UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02603-SVW-JC | Date | August 26, 2015 |
|---|---|---|---|
| Title | *Benjamin Wang v. Therapeutic Health Collective* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING Plaintiff's Application for Default Judgment Against Defendant Therapeutic Health Collective [36].

## I.   INTRODUCTION

This case arises from Defendant Therapeutic Health Collective ("THC") sending Plaintiff Benjamin Wang numerous unsolicited text messages in violation of the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227. Currently before the Court is Plaintiff's application for default judgment against Defendant. (Dkt. #13). The Court reviewed Plaintiff's application for default judgment and the attached exhibits. For the reasons stated below, the Court GRANTS Plaintiff's application with an adjusted damages award.

## II.   BACKGROUND

Beginning sometime on or around December 2013, Defendant sent text messages to Plaintiff's cellular telephone number in an attempt to solicit Plaintiff's business. (Compl. ¶ 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02603-SVW-JC | Date | August 26, 2015 |
|---|---|---|---|
| Title | *Benjamin Wang v. Therapeutic Health Collective* | | |

One example of the text messages is below:

> <SUBJECT: THC COLLECTIVE>
>
> NEW YEARS SPECIAL!
> $10 OFF any top shelf 8th, $25 8ths all day, $10 wax..come
> celebrate with food music and video games.

(Compl. ¶ 14; Pl.'s App. Default J., Exhibit C).

     Since December 31, 2013, Plaintiff sent eight reply text messages to Defendant requesting that Defendant cease delivering spam text messages to his cellular telephone via a variety of commands including, "Stop," "Stop please," and "Please remove my number from this list." (Wang Decl. ¶ 4; Pl.'s App. Default J., Exhibit C). Plaintiff also sent Defendant three emails on March 5, 2014, March 6, 2014, and March 10, 2014, demanding that Defendant cease delivering spam text messages to his cellular telephone. (Wang Decl. ¶ 5; Pl.'s App. Default J., Exhibit A). Finally, Plaintiff placed four telephone calls to Defendant on March 8, 2014, March 10, 2014, and March 11, 2014, seeking to stop the text messages. (Wang Decl. ¶ 6; Pl.'s App. Default J., Exhibit B).

     On April 7, 2014, Plaintiff filed suit against Defendant. (Dkt #1). Plaintiff asserted claims under the TCPA for "approximately one hundred (100) spam text messages to his cellular telephone seeking to solicit Plaintiff's business." (Compl. ¶ 20). In particular, Plaintiff asserted that the text messages he received from Defendant were placed using an Automatic Telephone Dialing System ("ATDS"). (Compl. ¶ 21).

     At a Status Conference on January 6, 2015, the Court advised the parties that Defendant faced default if it did not obtain counsel within 30 days. (Dkt. #24). Additionally, the Court advised Defendant that if it failed to participate in the pretrial conference and order, or failed to

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02603-SVW-JC | Date | August 26, 2015 |
|---|---|---|---|
| Title | *Benjamin Wang v. Therapeutic Health Collective* | | |

appear for trial, then it also faced default. (*Id.*). On June 3, 2015, at Plaintiff's request, this Court directed the clerk to enter default against Defendant. (Dkt. #30). Subsequently, Plaintiff filed the present application for entry of default judgment against Defendant. (Dkt. #36).

### III.   LEGAL STANDARD

#### A.   Procedural Standards

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by the court clerk.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).  To comply with Local Rule 55-1, a default judgment application must establish: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. *Id.*

#### B.   Substantive Standards

Once these procedural requirements have been met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010). In deciding whether to grant a default judgment, courts consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02603-SVW-JC | Date | August 26, 2015 |
|---|---|---|---|
| Title | *Benjamin Wang v. Therapeutic Health Collective* | | |

Upon entry of default, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6). The court, however, must assure itself that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Landstar*, 725 F. Supp. 2d at 920.

### C. Damages

To determine whether the damages sought are proper for the scope of default judgment, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176–77 (C.D. Cal. 2002). Additionally, "[t]he court has wide discretion in determining the amount of damages to be awarded within statutory limits." *Elektra Entm't Grp., Inc. V. Bryant*, No. CV 03-6381GAF(JTLX), 2004 WL 783123 at *6 (C.D. Cal. Feb. 13, 2004).

## IV. DISCUSSION

### A. Procedural Conditions

Plaintiff has met the procedural requirements set out in *PepsiCo*. The motion sets forth: (1) that default judgment was entered against Defendant on June 8, 2015; (2) that Defendant failed to answer the Complaint; (3) that Defendant is not an infant or incompetent; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that Defendant has been served with the present application. (Pl.'s App. Default J.).

### B. The *Eitel* Factors

The *Eitel* factors weigh in favor of granting default judgment. Plaintiff has sufficiently pled a meritorious claim under the TCPA and there is little possibility that Defendant's default was due to excusable neglect.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02603-SVW-JC | Date | August 26, 2015 |
|---|---|---|---|
| Title | *Benjamin Wang v. Therapeutic Health Collective* | | |

### B. Damages

As to damages, Plaintiff seeks an award of $209,400.00 from Defendant for the "approximately one hundred (100) spam text messages to his cellular telephone seeking to solicit Plaintiff's business." (Compl. ¶ 20; Pl's App. Default J. 2). According to Plaintiff, this comprises $500.00 for negligent violation and $208,500.00 for willful violation of the TCPA § 227(b)(3)(B), (b)(3)(C). (*Id.*). In addition, Plaintiff requests $400.00 in court filing costs. (*Id.*).

Plaintiff misstates the damages allowed under § 227(b)(3). Under the TCPA, statutory damages of $500.00 for each violation are available to a plaintiff. *Id.* § 227(b)(3)(B). The Court may exercise its discretion to treble damages under the TCPA to award up to $1,500.00 for each violation (instead rather than in addition to) if it finds the Defendant's conduct was willful. *Id.* § 227(b)(3)(C).

Although Plaintiff's allegations may be sufficient to establish that Defendant acted willfully, this Court finds that the $500.00 statutory damage award per violation is sufficient to accomplish the purposes of the TCPA. As Plaintiff has alleged approximately one hundred spam text messages in violation of the TCPA and has proffered evidence of the text messages at issue, this Court awards $500.00 per violation, aggregating in a total damage award of $50,000.00.

Finally, Plaintiff claims to be entitled to $400.00 in filing fees. Plaintiff must submit its bill of costs to the Clerk in order to recover costs. Local Rule 54-2.

### IV. ORDER

For the aforementioned reasons, this Court GRANTS Plaintiff's Motion for Default Judgment against Defendant THC. The Court ENTERS JUDGMENT for Plaintiff and against Defendant THC in the amount of $50,000.00 for violation of the Telephone Consumer Protection Act. Plaintiff must submit its bill of costs to the Clerk within 14 days after entry of this

|  | : |
|---|---|
| Initials of Preparer | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02603-SVW-JC | Date | August 26, 2015 |
|---|---|---|---|
| Title | *Benjamin Wang v. Therapeutic Health Collective* | | |

judgment.

    The hearing set for August 31, 2015 is VACATED and OFF-CALENDAR.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |